**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | No. CR-26-00084-001-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Isaac Luis-Azamar, | |
| Defendant. | |

Before me is Defendant Isaac Luis-Azamar's Emergency Motion for a Status Conference, Motion for Appointment of Counsel, Motion to Compel Immunity, Motion for Emergency Deposition, and Motion to Dismiss. (Doc. 65.) On June 4, 2026, I granted some of the relief Defendant requested, (*see* Doc. 66), and on June 5, 2026, I held a hearing to discuss the remaining issues, (*see* Doc. 72). This Order addresses only the Motion to Compel Immunity (the "Immunity Motion")—Defendant's request that I compel the Government to grant use immunity to defense witness Silas Luis-Castro under 18 U.S.C. § 6001. Based on the parties' briefing and the argument presented at the hearing, and for the reasons set forth below, I will **deny** the Immunity Motion.

## I.    LEGAL STANDARD

The decision whether to immunize a witness is committed to the Executive branch. *See* 18 U.S.C. § 6003(b). "A criminal defendant is not entitled to compel the government to grant immunity to a witness." *United States v. Whitehead*, 200 F.3d 634, 640 (9th Cir. 2000) (quoting *United States v. Westerdahl*, 945 F.2d 1083, 1086 (9th Cir. 1991)). The

Ninth Circuit recognizes a narrow exception under which a defendant must show (1) that the witness's testimony is relevant, and (2) either (a) the prosecution intentionally caused the witness to invoke the Fifth Amendment for the purpose of distorting the fact-finding process, or (b) the prosecution granted immunity to a government witness in order to obtain the witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness, with the effect of so distorting the fact-finding process that the defendant was denied the due process right to a fundamentally fair trial. *United States v. Straub*, 538 F.3d 1147, 1162 (9th Cir. 2008); *United States v. Wilkes*, 744 F.3d 1101, 1105 (9th Cir. 2014).

## II.    DISCUSSION

The sole authority Defendant cites in the Immunity Motion is 18 U.S.C. § 6001. (Doc. 65 at 3–4.) That statute does not authorize the relief Defendant seeks. Section 6001 is the definitions provision of the federal immunity statute, and the operative provisions, 18 U.S.C. §§ 6002 and 6003, set out the procedure by which a United States Attorney, with the approval of the Attorney General, may request a court order conferring use immunity on a witness. The statute is the mechanism by which the Government immunizes its own witnesses; it does not authorize a defendant to compel the Government to confer immunity on a defense witness, nor does it authorize a court to do so on the Government's behalf. *See* 18 U.S.C. § 6003(b).

It became clear at the hearing on June 5, 2026, that Defendant in fact proceeds under the judicially recognized narrow exception to the Government's immunity prerogative articulated in *Straub*—specifically, the first alternative under that case's second prong— and that Defendant relies principally on *Whitehead*. Neither case supports the relief Defendant requests.

I assume without deciding that Mr. Luis-Castro's anticipated testimony satisfies the minimal relevance requirement. *See United States v. Wilkes*, 662 F.3d 524, 533–34 (9th Cir. 2011). Defendant has not, however, established the first alternative under the second prong on which he relies, and the second alternative is plainly inapplicable.

To meet the first alternative, a defendant must show that the prosecution intentionally caused the witness to invoke the Fifth Amendment for the purpose of distorting the fact-finding process. *Straub*, 538 F.3d at 1162. The Ninth Circuit has framed this inquiry in terms of whether the Government "took affirmative steps to prevent [the witness] from testifying." *Whitehead*, 200 F.3d at 640 (quoting *Westerdahl*, 945 F.2d at 1086); *see also Straub*, 538 F.3d at 1157–58 (explaining that "[u]ndue prosecutorial interference in a defense witness's decision to testify arises when the prosecution intimidates or harasses the witness to discourage the witness from testifying, for example, by threatening the witness with prosecution for perjury or other offenses" (quoting *Williams v. Woodford*, 384 F.3d 567, 601 (9th Cir. 2004))).

On this record, I cannot find that the Government intentionally caused Mr. Luis-Castro to invoke the Fifth Amendment for purposes of distorting the fact-finding process. Indeed, the Government coordinated with United States Customs and Border Protection to arrange Mr. Luis-Castro's parole into the United States for trial, agreed that he could be transported by family members or a defense investigator, and recommended that he be appointed independent counsel so that any decision to testify would be informed and voluntary. (*See* Doc. 70 at 3–4.)  Furthermore, when pressed, the Government indicated both in writing, (*see* Doc. 68), and at the June 5 hearing, that it would not detain and charge Mr. Luis-Castro with violations of 8 U.S.C. §§ 1325 and 1326 during his parole into the United States for trial.  This conduct reflects the opposite of affirmative steps to prevent testimony.  The mere fact that a defense witness may have a legitimate Fifth Amendment concern does not transform the Government's refusal to grant immunity into the type of misconduct contemplated by *Straub* and its progeny.

Defendant's position would convert the exception into the rule.  Were the Government's identification of a witness's potential Fifth Amendment exposure itself sufficient to compel immunity, the Government would face a binary choice in every case where a defense witness's testimony might be incriminating: remain silent about the risk and leave the witness uninformed and unrepresented, or flag the concern and thereby

trigger compelled immunity. *Straub* does not contemplate such a result, and the Government's reasoned identification of a Fifth Amendment concern—particularly when paired, as here, with a recommendation that the witness be appointed counsel—is not the kind of intentional distortion the exception was designed to address.

*Whitehead* itself confirms this result. There, the Ninth Circuit affirmed a district court's refusal to compel use immunity for the defendant's brother under materially indistinguishable circumstances, holding that the defendant had not shown that "the government or its agents took affirmative steps to prevent [the witness] from testifying," and had not shown that "the government granted immunity to other witnesses while denying immunity to" the defense witness. 200 F.3d at 640. The same is true here.

The second alternative under *Straub* is plainly inapplicable. Defendant does not allege, and the record does not reflect, that the Government has granted immunity to any government witness whose testimony Mr. Luis-Castro's testimony would directly contradict. *See Wilkes*, 744 F.3d at 1105; *Straub*, 538 F.3d at 1162.

Finally, Defendant has not requested an evidentiary hearing regarding whether the Government intentionally distorted the fact-finding process, and I find that no such hearing is necessary. An evidentiary hearing is warranted only where the defendant has made an "unrebutted prima facie showing of prosecutorial misconduct that could have prevented a defense witness from giving relevant testimony." *Westerdahl*, 945 F.2d at 1086 (quoting *United States v. Lord*, 711 F.2d 887, 891 (9th Cir. 1983)); *see also Whitehead*, 200 F.3d at 640. For the reasons explained above, Defendant has not made that threshold showing on the present record.

Nothing in this Order precludes the Government from granting Mr. Luis-Castro use immunity, or any other form of immunity, should it choose to do so.

Accordingly,

**IT IS ORDERED** that the Motion to Compel Immunity (Doc. 65) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Emergency Deposition (Doc. 65) and the Motion to Dismiss (Doc. 65) remain **HELD IN ABEYANCE** and will be

- 4 -

addressed by separate order in due course.

Dated this 5th day of June, 2026.

Honorable Sharad H. Desai
United States District Judge

- 5 -