**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-26-00084-001-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Isaac Luis-Azamar, | |
| Defendant. | |

Before me is Defendant Isaac Luis-Azamar's Emergency Motion for a Status Conference, Motion for Appointment of Counsel, Motion to Compel Immunity, Motion for Emergency Deposition, and Motion to Dismiss.  (Doc. 65 (the "Motion").)  On June 4, 2026, I granted some of the relief Defendant requested, (*see* Doc. 66), and on June 5, 2026, I held a hearing to discuss the remaining issues, (*see* Doc. 72), and denied some of the other relief requested, (*see* Doc. 74).  On June 8, 2026, Defendant filed a Supplement to the Motion to Dismiss.  (Doc. 78 (the "Supplement").)  That same morning, a day before trial was set to begin, I held a further status conference to address the Supplement and other outstanding pretrial issues.  (*See* Doc. 83.)  For the reasons stated on the record at that hearing, I continued the trial and set a schedule for briefing on the Motion to Dismiss and the Supplement.  This written order further explains my reasoning.

## I.    BACKGROUND

Defendant and his father, Silas Luis-Castro, were arrested on January 30, 2026, outside a Home Depot parking lot.  (Doc. 78 at 1.)  The Government deported Mr. Luis-

Castro on February 2, 2026—the same day as Defendant's initial appearance—without charging him with any offense. (*Id.* at 1–2; Doc. 65 at 2.)

Defendant intends to assert a defense-of-others theory at trial, (*see e.g.*, Doc. 28 at 2), and describes Mr. Luis-Castro as the only non-law-enforcement witness, other than Defendant himself, to the alleged assault, (Doc. 65 at 4). In early March 2026, defense counsel notified the Government of its intent to call Mr. Luis-Castro as a witness at trial. (Doc. 78 at 2.) Over the following months, the parties exchanged communications about whether and how Mr. Luis-Castro could be paroled into the United States to testify. (*See id.* at 2–3.) In light of the challenges identified, Defendant moved to depose Mr. Luis-Castro in Nogales, Sonora prior to the final pretrial conference. (Doc. 31.) The Government ultimately represented that U.S. Customs and Border Protection would parole Mr. Luis-Castro into the United States to testify at trial, and I ordered the Government to take all reasonable and logical steps to ensure his attendance. (Doc. 51.)

On June 3, 2026—one week before trial—the Government "raised that Mr. Luis-Castro would be incriminating himself by testifying as to his presence in the United States on January 30, 2026," and suggested that he should be appointed independent counsel. (Doc. 65 at 2–3.) Defendant contends that this was the first time the Government had raised the issue; the Government disputes that characterization. On June 4, 2026, Defendant filed the Motion, seeking, among other relief, an order compelling the Government to grant use immunity to Mr. Luis-Castro under 18 U.S.C. § 6001; an appointment of counsel for Mr. Luis-Castro; an emergency deposition; and, as a final alternative, dismissal in the interest of justice based on the Government's handling of Mr. Luis-Castro. (*See id.* at 3–5.) I appointed counsel for Mr. Luis-Castro,[1] (Docs. 67, 76), and denied the request to compel the Government to grant use immunity, (Doc. 74).

On June 5, 2026, after counsel was appointed, Mr. Luis-Castro indicated through counsel that he is no longer willing to testify or to sit for a deposition, even with assurances

---

[1] Initial counsel was required to withdraw, and on Friday, June 5, 2026, I appointed Joseph Duarte as substitute counsel for Mr. Luis-Castro. (Doc. 76.) Mr. Duarte will be ordered to remain as counsel through the conclusion of trial.

against prosecution. (*See* Doc. 77.) Defendant then filed the Supplement, framing the Government's deportation of Mr. Luis-Castro, the protracted delay in resolving his appearance, and the suggestion on the eve of trial that he may incriminate himself, as governmental interference with a material defense witness in violation of the Fifth and Sixth Amendments. (*See* Doc. 78.) For the first time, Defendant supports that argument with case authority. Defendant seeks dismissal as the primary remedy, in the alternative requests an adverse jury instruction at trial, and also withdraws the Motion for Emergency Deposition. (*Id.* at 8.)

## II.    GROUNDS FOR CONTINUANCE

As stated on the record, I find that a continuance is warranted because the ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial. *See* 18 U.S.C § 3161(h)(7)(A). Failure to grant a continuance would be likely to result in a miscarriage of justice and would deny counsel for the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). First, the Supplement expands Defendant's allegations of governmental misconduct, raises very serious allegations, and seeks an adverse jury instruction as alternative relief. The Government must be afforded a meaningful opportunity to respond, particularly because Defendant has now cited case authority that, if established on the facts alleged, could support dismissal. Full briefing is required before I can rule.

Second, at the status conference held this morning, additional grounds for continuance came to light. Defendant identified a potential issue under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), concerning one of the witnesses the defense intends to call. Defendant also identified discovery materials disclosed by the Government late last week—approximately fifty pages of documents and a ten-minute audio recording— portions of which Defendant asserts are helpful to the defense. The defense asserted that the materials were produced two days before the scheduled start of trial, and the Government did not flag or otherwise call attention to the disclosure, which further

supports a continuance.

Accordingly,

**IT IS ORDERED** that the trial set to begin June 9, 2026, is **CONTINUED** and reset for **July 14–16, 2026**.

**IT IS FURTHER ORDERED** that the Motion for Emergency Deposition (part of Doc. 65) is **DENIED** as moot in light of Defendant's withdrawal.

**IT IS FURTHER ORDERED** that the Government shall file its response to the Supplement, (Doc. 78), no later than **June 15, 2026**.

**IT IS FURTHER ORDERED** that Defendant may file a reply no later than **June 22, 2026**.

**IT IS FURTHER ORDERED** that a status conference is set for **Thursday, July 2, 2026, at 10:00 a.m.**

**IT IS FURTHER ORDERED** that Joseph Duarte shall continue as counsel for material witness Silas Luis-Castro through the conclusion of trial.

**IT IS FURTHER ORDERED** that if any subpoenas were previously issued and served in this matter, that they remain in effect and are answerable at the new trial date and the party who served the subpoena should advise the witnesses of the trial date.

The Court finds excludable delay under Title 18 U.S.C § 3161(h)(7)(A) from June 10, 2026, to July 14, 2026.

Dated this 8th day of June, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 4 -