**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-26-00084-001-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Isaac Luis-Azamar, | |
| Defendant. | |

Before me is Defendant Isaac Luis-Azamar's Motion for Release (Doc. 87) and the Government's Response (Doc. 96).  On June 25, 2026, I held a hearing on the Motion for Release and on Defendant's Motion to Dismiss (Docs. 65, 78).  This Order addresses only the Motion for Release.  For the reasons stated on the record and as set forth below, the Motion for Release will be **denied**.

## I.    BACKGROUND

Defendant was arrested on January 30, 2026, and charged with one count of assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. § 111(a). (Docs. 1, 6.)  Defendant appeared before the court for his initial appearance on February 2, 2026, and the Government requested to have him detained.  (*See* Doc. 2.)  On February 5, 2026, United States Magistrate Judge Alison S. Bachus held a detention hearing and ordered Defendant detained pending trial, finding by a preponderance of the evidence that Defendant posed a serious risk of nonappearance and that no condition or combination of conditions would reasonably assure his appearance.  (Doc. 12.)

Trial was originally set for June 9, 2026. (Doc. 15.) On June 8, 2026, Defendant filed a supplemental motion to dismiss alleging witness intimidation and Fifth and Sixth Amendment violations. (Doc. 78.) Following a status conference, I continued trial on my own motion under 18 U.S.C. § 3161(h)(7) based on three grounds: (1) the need for full briefing on Defendant's supplemental motion, which raises serious allegations of governmental misconduct and seeks dismissal or, in the alternative, an adverse jury instruction; (2) a potential issue under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), concerning a defense witness; and (3) the Government's late disclosure of approximately fifty pages of documents and a ten-minute audio recording, portions of which Defendant asserts are helpful to the defense. (Doc. 84.) Defendant filed the instant Motion on June 12, 2026 (Doc. 87), and the Government responded on June 18, 2026 (Doc. 96). I held a hearing on the Motion on June 25, 2026. (Doc. 99.)[1]

## II.    PROCEDURAL POSTURE

Defendant invokes two procedural vehicles: review of the Detention Order under 18 U.S.C. § 3145(b), and reopening of the detention hearing under 18 U.S.C. § 3142(f)(2). Neither is available on this record.

Review under § 3145(b) must be sought within fourteen days of the magistrate judge's order, and failure to timely object waives the right to review. Fed. R. Crim. P. 59(a); 28 U.S.C. § 636(b)(1); *see also United States v. Adams*, 2022 WL 14813734, at *2 (D. Ariz. 2022). The Detention Order was entered February 5, 2026; Defendant's Motion was filed 127 days later. The request for § 3145(b) review is untimely.

Reopening under § 3142(f)(2) requires the movant to establish two things: (1) that information exists that was not known to the movant at the time of the prior hearing, and (2) that the information has a material bearing on whether conditions of release exist that will reasonably assure the defendant's appearance. 18 U.S.C. § 3142(f)(2); *see United States v. Holloway*, 2011 WL 4625962, at *1 (D. Ariz. 2011). Defendant's defense-of-

---

[1]    At the hearing, the parties proceeded by proffer, and the Government confirmed compliance with the victim's rights provisions of the Crime Victims' Rights Act.

others theory and his alternative explanation that he fled out of fear of immigration consequences rather than to evade arrest were both raised at the February 5, 2026 detention hearing.  (Doc. 96 at 7–11.)  The additional discovery he identifies supports positions already argued.  The alleged witness intimidation, even if accepted as true, bears on the underlying motion to dismiss—not on whether conditions of release exist that would reasonably assure Defendant's appearance—and so it fails the second prong as well. Defendant has not satisfied either prong of § 3142(f)(2).

I nonetheless retain authority to review the Magistrate Judge's order de novo, sua sponte, and without any finding of error. *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  Given the trial continuance and the resulting prolongation of Defendant's pretrial detention, I exercise that authority here.

## III.    DISCUSSION

The Bail Reform Act requires release under the least restrictive conditions that will reasonably assure the defendant's appearance.  18 U.S.C. § 3142; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).  The Government "bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *Gebro*, 948 F.2d at 1121; *see* § 3142(f)(2).  In assessing whether the Government has met its burden, I consider the four factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by release.  I have considered each factor under § 3142(g).

### A.    Nature and Circumstances of the Offense

Defendant is charged under 18 U.S.C. § 111(a), which carries a maximum term of imprisonment of eight years.  When ICE Enforcement and Removal Operations officers attempted to stop the vehicle Defendant was driving, Defendant initially stopped, continued driving a short distance, and then came to a complete stop.  Defendant and his father then fled on foot.  After officers apprehended Defendant's father, there was physical contact between Defendant and the ICE agents, the precise nature of which is disputed.  Following

that contact, Defendant again fled—running multiple blocks, jumping multiple fences, and crossing Indian School Road, a major Phoenix street—before being apprehended by pursuing officers.

The offense involves a charged crime of violence against a federal officer, and the circumstances reflect two separate instances of flight from law enforcement within a single encounter. Both features weigh in favor of detention, with the sustained foot pursuit bearing directly on the flight-risk inquiry.

### B.   Weight of the Evidence

The weight of the evidence is the least important § 3142(g) factor and is not a pretrial determination of guilt. *Gebro*, 948 F.2d at 1121; *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Certain facts are not in dispute: Defendant fled from law enforcement both before and after the physical contact with the ICE officers. His asserted reasons—fear of immigration consequences, and protecting his father—may differ from the Government's characterization, but the fact of flight is undisputed.

What is in dispute, and what lies at the heart of the underlying charge, is the nature of the physical contact between Defendant and the ICE officers and whether Defendant's conduct was justified as defense of another. That dispute bears more directly on dangerousness than on flight risk—and the Government does not seek detention on dangerousness grounds. Because the evidence on the flight-risk question is undisputed, this factor weighs in favor of detention notwithstanding the genuine factual disputes that remain for trial.

### C.   History and Characteristics of the Defendant

Defendant is a citizen of Mexico who has lived in the United States without lawful status since he was a child. His father, whose immigration arrest gave rise to this case, has since been removed and resides in Mexico, where Defendant also has additional family. Defendant works as a day laborer, which provides less in the way of stable employment ties than steady, documented employment typically does. Although Defendant has three minor children in Phoenix, he does not reside with them, and Pretrial Services reports that

his contact with them is only occasional.  (Doc. 10 at 2.)  Pretrial Services itself assessed Defendant as a risk of nonappearance and recommended detention.  (*Id.* at 4.)

Alienage alone cannot support detention, but it is a permissible factor in the individualized risk-of-flight analysis.  *United States v. Santos-Flores*, 794 F.3d 1088, 1090–93 (9th Cir. 2015).  Here, alienage is not standing alone. It combines with Defendant's family ties to Mexico, the recent removal of his father to that country, the absence of stable employment, and the realistic prospect that release would expose him to immigration detention and possible removal—an outcome that would create a strong practical incentive to abscond before trial.  Defendant's lack of prior criminal history and the availability of a third-party custodian are points in his favor, but they do not meaningfully reduce these flight incentives, particularly given Defendant's already-demonstrated willingness to flee from law enforcement when confronted.  This factor weighs in favor of detention.

### D.    Nature and Seriousness of the Danger

As Magistrate Judge Bachus found, the record does not suggest that Defendant set out on the day of his arrest to engage in physical contact with law enforcement.  Rather, the contact occurred in the context of, and as a reaction to, the arrest of Defendant's father.  The Government no longer seeks detention on dangerousness grounds, and I reach no different conclusion on de novo review.  Because detention here rests on flight risk rather than danger, this factor neither supports nor undermines the basis for continued detention.

### E.    Conclusion

Considering the matter de novo and weighing all of the § 3142(g) factors, I conclude that the Government has met its burden of establishing by a preponderance of the evidence that Defendant poses a serious risk of nonappearance and that no condition or combination of conditions will reasonably assure his appearance at future proceedings.

Accordingly,

///

///

- 5 -

**IT IS ORDERED** that Defendant's Motion for Release (Doc. 87) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall remain in the custody of the Attorney General or his designated representative pending further proceedings, on the terms set forth in the Magistrate Judge's Order of Detention (Doc. 12).

Dated this 25th day of June, 2026.

_____
Honorable Sharad H. Desai
United States District Judge